UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                                              Case No. 2:23-cr-79-TPB-NPM

TIMOTHY CRAIG JOLLOFF

**UNITED STATES' MOTION
FOR ORDER OF FORFEITURE**

The United States moves this Court, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), 982(a)(2)(A), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(b)(2), to enter an order of forfeiture against the defendant in the amount of $3,403,265. In support, the United States submits the following memorandum of law.

**MEMORANDUM OF LAW**

I.  **Statement of Facts**

   A.  **Allegations Against the Defendant**

   1.  The defendant was charged in an Indictment, in pertinent part, with a wire fraud scheme, in violation of 18 U.S.C. §§ 1343 and 2 (Count Two), a bank fraud scheme, in violation of 18 U.S.C. §§ 1344 and 2 (Count Thirteen), and illegal monetary transactions, in violation of 18 U.S.C. §§ 1957 and 2 (Count Twenty-Three). Doc. 27.

   2.  The Indictment also contained forfeiture allegations putting the defendant on notice that, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), 982(a)(2)(A), and 28 U.S.C. § 2461(c), the United States would seek an order of

forfeiture in the amount of $3,403,265 representing the amount of proceeds obtained from the wire fraud and bank fraud schemes, and/or the amount involved in the illegal monetary transactions, as well as forfeiture of a 2019 GMC truck with Vehicle Identification Number 1GTU9FEL9KZ402935.[1] *Id.* at 20-21.

    B.    **Finding of Guilt and Admissions Related to Forfeiture**

    1.    The defendant pled guilty to Counts Two, Thirteen, and Twenty-three of the Indictment.  Doc. 83.  The Court accepted the defendant's plea and adjudicated him guilty.  Docs. 85, 87.

    2.    The defendant admitted in his Plea Agreement that in March of 2020, the Coronavirus Aid, Relief, and Economic Security (CARES) Act was enacted to provide emergency financial assistance to the millions of Americans who were suffering the economic effects caused by the COVID-19 pandemic.  Doc. 84 at 16.  One source of relief provided by the CARES Act was the authorization of forgivable loans to small businesses for job retention and certain other expenses, through a program referred to as the Paycheck Protection Program (PPP).  *Id.*  Another source of relief was the Economic Injury Disaster Loan (EIDL) program, which was a Small Business Administration program that provided low-interest financing to small businesses affected by declared disasters.  *Id.*

    The defendant purported to own and operate at least twelve businesses with

---

[1] The United States Secret Service administratively forfeited the GMC truck. The defendant will receive credit towards his $3,403,265 order of forfeiture for the net proceeds obtained from the sale of the GMC truck.

his wife and co-defendant, Lisa Jolloff, and fraudulently sought PPP and EIDL loans for those businesses. *Id.* at 18-19. In total, approximately $3,403,265 in fraudulently obtained EIDL and PPP loan funds were deposited into accounts controlled and maintained by the defendant and his co-defendant, Lisa Jolloff. *Id.* at 23.

3. The defendant agreed in his Plea Agreement that, pursuant 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), 982(a)(2)(A), and 28 U.S.C. § 2461(c), the United States was entitled to, among other assets, an order of forfeiture in the amount of $3,403,265, representing the proceeds he admits he jointly obtained with his co-defendant from the wire fraud and bank fraud schemes. Doc. 84 at 6. The defendant further agreed that as a result of his acts and omissions, the proceeds not recovered by the United States through the forfeiture of the directly traceable assets have been transferred to third parties and cannot be located by the United States upon exercise of due diligence; therefore, the defendant agreed that, pursuant to 21 U.S.C. § 853(p), the United States is entitled to forfeit substitute assets up to the amount of proceeds he obtained. *Id.* at 7. Moreover, the defendant agreed that the order of forfeiture would be final upon entry. *Id.* at 8.

## II. Applicable Law

### A. Applicable Forfeiture Statutes

Forfeiture in this case is governed by 18 U.S.C. § 981(a)(1)(C), which provides for the civil forfeiture of any property, real or personal, that constitutes or is derived

from proceeds traceable to a violation of any offenses constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title). "Specified unlawful activity," as defined in 18 U.S.C. § 1956(c)(7)(D), includes a wire fraud scheme (18 U.S.C. § 1343). Pursuant to 28 U.S.C. § 2461(c), the United States is authorized to forfeit this property criminally utilizing the procedures set forth in 21 U.S.C. § 853. In addition forfeiture in this case is governed by 18 U.S.C. § 982(a)(2)(A), which provides for the forfeiture of any property, real or personal, which constitutes or is derived from proceeds traceable to a bank fraud scheme (18 U.S.C. § 1344).

  **B.** **Court's Determination of Forfeiture**

  Pursuant to Rule 32.2(b)(2), because the United States could not locate the specific property constituting or derived from the proceeds the defendant obtained from his wire fraud and bank schemes, the United States seeks an order of forfeiture against the defendant in the amount of proceeds fhe obtained from his offenses. Indeed, for cases in which a defendant no longer has the actual dollars or property traceable to proceeds in his/her possession, or the government cannot locate those assets, the obligation to forfeit simply takes the form of an order of forfeiture in favor of the United States. *See United States v. Padron*, 527 F.3d 1156, 1161-62 (11th Cir. 2008).

  Here, the United States is entitled to an Order of Forfeiture against the defendant for the entire amount of the wire fraud and bank fraud schemes, not just the proceeds of the specific substantive count to which the defendant pled guilty.

"When a scheme is charged, even though only certain substantive counts are proved, the proceeds of the scheme are forfeitable." *United States v. Clark*, 13-10034-CR, 2016 WL 361560, at *2 (S.D. Fla. 2016) (citing *United States v. Hasson,* 333 F.3d 1264, 1279–1280 (11th Cir. 2003)); *see also United States v. Venturella*, 585 F.3d 1013, 1015 (7th Cir. 2009) (forfeiture in fraud case "forfeiture is not limited to the amount of the particular mailing but extends to the entire scheme").

Rule 32.2(b)(1) provides that the Court must determine the amount of money that the defendant will be ordered to pay. The Court's determination may be based on evidence submitted by the parties and accepted by the Court as relevant and reliable. Fed. R. Crim. P. 32.2(b)(1)(B). As the defendant has agreed, he jointly obtained $3,403,265 in proceeds as a result of the fraud offenses. If the Court finds that the defendant obtained at least $3,403,265 as a result of his wire fraud and bank fraud schemes, and that he has dissipated those proceeds, then it is appropriate for the Court to enter an order of forfeiture against the defendant in that amount pursuant to Rule 32.2(b)(2). Because he defendant obtained these funds jointly with his co-defendant wife, Lisa Jolloff, the United States has agreed not to collect more than $3,403,265, in total, from the defendant and co-defendant, Lisa Jolloff. *Id.* at 7.

### III. Conclusion

For the reasons stated above, the United States requests that, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), 982(a)(2)(A), 28 U.S.C. § 2461(c), and Fed. R.

Crim. P. 32.2(b)(2), the Court enter an order of forfeiture against the defendant in the amount of $3,403,265, for which he will be held jointly liable with co-defendant, Lisa Jolloff.

The United States further requests that, because the $3,403,265 in proceeds was mostly dissipated by the defendant, the United States may seek, as a substitute asset, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and/or 28 U.S.C. § 2461(c), forfeiture of any of the defendant's property up to the value of $3,403,265.

As required by Rule 32.2(b)(4)(B), the United States requests that the Court include the forfeiture when orally pronouncing the sentence and include the forfeiture order, directly or by reference, in the judgment. *See* Fed. R. Crim. P. 32.2(b)(4)(B) and *United States v. Kennedy*, 201 F.3d 1324, 1326 (11th Cir. 2000).

In accordance with Rule 32.2(b)(4) and the defendant's Plea Agreement (Doc. 84 at 8), the United States asks that the order of forfeiture become final as to the defendant at the time it is entered.

The United States further requests that the Court retain jurisdiction to address any third party claim that may be asserted in these proceedings, to enter any further order necessary for the forfeiture and disposition of such property, and to order any

substitute assets forfeited to the United States up to the amount of the order of forfeiture.

                Respectfully submitted,

                ROGER B. HANDBERG
                United States Attorney

By:   *s/Suzanne C. Nebesky*
       SUZANNE C. NEBESKY
       Assistant United States Attorney
       Fla. Bar No. 59377
       400 N. Tampa Street, Suite 3200
       Tampa, Florida 33602
       Tel:   (813) 274 6000
       E-mail: suzanne.nebesky@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

                *s/Suzanne C. Nebesky*
                SUZANNE C. NEBESKY
                Assistant United States Attorney